## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | : | |
| SHAMROCK PROPERTIES V LLC dba | : | |
| THE SAPPHIRE AT NASSAU BAY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. _____** |
| | : | |
| | : | **JURY REQUESTED** |
| | : | |
| UNDERWRITERS AT LLOYD'S, | : | |
| LONDON SUBSCRIBING TO POLICY | : | |
| NUMBER ARGEF04361, INCLUDING | : | |
| LLOYD'S SYNDICATE 1200, | : | |
| LLOYD'S SYNDICATE 1886, | : | |
| LLOYD'S SYNDICATE 1206, | : | |
| LLOYD'S SYNDICATE 2987, | : | |
| LLOYD'S SYNDICATE 1225, | : | |
| LLOYD'S SYNDICATE 2121, AND | : | |
| LLOYD'S SYNDICATE 4444, | : | |
| | : | |
| DEFENDANTS. | : | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff SHAMROCK PROPERTIES V LLC dba THE SAPPHIRE AT NASSAU

BAY, files this Original Complaint against certain Underwriters at Lloyd's, London

subscribing to Policy Number ARGEF04361, including Lloyd's Syndicate 1200

("Lloyd's 1200"), Lloyd's Syndicate 1886 ("Lloyd's 1886"), Lloyd's Syndicate 1206

("Lloyd's 1206"), Lloyd's Syndicate 2987 ("Lloyd's 2987"), Lloyd's Syndicate 1225

("Lloyd's 1225"), Lloyd's Syndicate 2121 ("Lloyd's 2121"), and Lloyd's Syndicate 4444 ("Lloyd's 4444"), (collectively the "Underwriters").

## THE PARTIES

1.      Plaintiff Shamrock Properties V LLC ("Plaintiff") is a Delaware limited liability company that does business in Harris County, Texas as The Sapphire at Nassau Bay.

2.      Upon information and belief, Lloyd's 1200 is a Lloyd's syndicate comprised of one or more members.  Service of process may be made upon Mendes & Mount, 750 Seventh Avenue, New York, NY 10019-6829 and/or Eileen Ridley, FLWA Service Corp., c/o Foley & Lardner LLP, 555 California Street, Suite 700, San Francisco, CA 94101-1520.

3.      Upon information and belief, Lloyd's 1886 is a Lloyd's syndicate comprised of one or more members.  Service of process may be made upon Mendes & Mount, 750 Seventh Avenue, New York, NY 10019-6829 and/or Eileen Ridley, FLWA Service Corp., c/o Foley & Lardner LLP, 555 California Street, Suite 700, San Francisco, CA 94101-1520.

4.      Upon information and belief, Lloyd's 1206 is a Lloyd's syndicate comprised of one or more members.  Service of process may be made upon Mendes & Mount, 750 Seventh Avenue, New York, NY 10019-6829 and/or Eileen Ridley, FLWA Service Corp., c/o Foley & Lardner LLP, 555 California Street, Suite 700, San Francisco, CA 94101-1520.

5.      Upon information and belief, Lloyd's 2987 is a Lloyd's syndicate comprised of one or more members.  Service of process may be made upon Mendes & Mount, 750 Seventh Avenue, New York, NY 10019-6829 and/or Eileen Ridley, FLWA Service Corp., c/o Foley & Lardner LLP, 555 California Street, Suite 700, San Francisco, CA 94101-1520.

6.      Upon information and belief, Lloyd's 1225 is a Lloyd's syndicate comprised of one or more members.  Service of process may be made upon Mendes & Mount, 750 Seventh Avenue, New York, NY 10019-6829 and/or Eileen Ridley, FLWA Service Corp., c/o Foley & Lardner LLP, 555 California Street, Suite 700, San Francisco, CA 94101-1520.

7.      Upon information and belief, Lloyd's 2121 is a Lloyd's syndicate comprised of one or more members.  Service of process may be made upon Mendes & Mount, 750 Seventh Avenue, New York, NY 10019-6829 and/or Eileen Ridley, FLWA Service Corp., c/o Foley & Lardner LLP, 555 California Street, Suite 700, San Francisco, CA 94101-1520.

8.      Upon information and belief, Lloyd's 4444 is a Lloyd's syndicate comprised of one or more members.  Service of process may be made upon Mendes & Mount, 750 Seventh Avenue, New York, NY 10019-6829 and/or Eileen Ridley, FLWA Service Corp., c/o Foley & Lardner LLP, 555 California Street, Suite 700, San Francisco, CA 94101-1520.

## JURISDICTION AND VENUE

9.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the insurance policy underlying the excess flood insurance policy at issue in this lawsuit was issued as part of the National Flood Insurance Program (pursuant to the National Flood Insurance Act of 1968) and 42 U.S.C. § 4072 confers jurisdiction on United States district courts to hear disputes under such policies.  To the extent that Section 4072 and the terms of the underlying insurance policy do not apply to confer exclusive jurisdiction on the United States district courts in this matter, Plaintiff reserves the right to challenge subject matter jurisdiction and to seek to bring its claims in state court.

10.     Subject to the foregoing, venue is proper in this judicial district pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1391(b)(2) because the insured property is located within this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

11.     Plaintiff is the owner of property located 2002 San Sebastian Court, Nassau Bay, Texas 77058, known as The Sapphire Resort Apartments (the "Insured Property").

12.     Philadelphia Indemnity Insurance Company issued to Plaintiff a standard flood insurance policy that provides coverage for the Insured Property for the policy period of October 27, 2016 to October 27, 2017.

13.     The Underwriters issued to Plaintiff an excess flood insurance policy that provides coverage for the Insured Property for the policy period of October 27, 2016 to October 27, 2017:  Lloyds Certificate No. ARGEF04361 (the "Policy").

14.     At all relevant times, Plaintiff was an "insured" under the Policy and duly performed all conditions required under the Policy, except any that were excused by the Underwriters' breaches and/or other conduct.

15.     The Policy grants insurance coverage for "direct loss or damage by or from flood."  The "Insurance Clause" of the Policy states, in pertinent part:

> Subject to the limitations, terms, and conditions contained in the Policy or added hereto, the Underwriters agree to indemnify [Shamrock Properties V LLC] in respect of [Direct Physical Loss or Damage by or From Flood], occurring during the period in the Schedule.

16.     Covered losses from flood under the Policy include "Business Income including Rental Value."  The Policy defines "Business Income" as

> (a) Net income (Net Profit or Loss before income taxes) that would have been earned or incurred; and

> (b) Continued normal operating expenses incurred, including payroll.

"Rental Value" is defined as

> (a)  Total anticipated rental income from tenant occupancy of the premises described in the Declarations as furnished and equipped by the Assured; and

5

(b)  Amount of charges which are the legal obligation of the tenant(s) and

which would otherwise be the Assured's obligations; and

(c)  Fair rental value of any portion of the described premises which is

occupied by the Assured.

17.     On or about August 26, 2017, Plaintiff sustained catastrophic flood damage

from Hurricane Harvey at the Insured Property (which is described in the Policy's

Declarations).

18.     Massive flooding from Hurricane Harvey caused heavy damage to

apartment units at the Insured Property.  Plaintiff was unable to rent the damaged units to

tenants for an extended time period.  Thus, in addition to incurring a significant property

damage loss, Plaintiff began incurring substantial business income losses including, *inter

alia*, lost rental income.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

19.     Plaintiff incorporates by this reference each and every allegation contained

in Paragraphs 1 through 18, above, as though fully set forth herein.

20.     Plaintiff gave timely notice of its property damage and business income

losses from Hurricane Harvey to Philadelphia Indemnity and the Underwriters.

21.     Philadelphia Indemnity paid the full policy limits of the Philadelphia

Indemnity policy.

22.     Despite the exhaustion of the Philadelphia Indemnity policy, the

Underwriters have failed to pay the policy benefits that they were contractually obligated

to pay to Plaintiff for its business income losses.  In failing and refusing to do so, the

Underwriters have breached the Policy.

23.     In addition to breaching the Policy by denying and/or underpaying portions

of Plaintiff's business income loss claim, the Underwriters have breached the Policy by

unjustifiably and significantly delaying their adjustment of the claim.

24.     As a direct and proximate result of the Underwriters' breaches, Plaintiff has

incurred damages in excess of $1,800,000, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**(Breach of Good Faith and Fair Dealing)**

25.     Plaintiff incorporates by this reference each and every allegation contained

in Paragraphs 1 through 24, above, as though fully set forth herein.

26.      The Policy contains an implied covenant of good faith and fair dealing

requiring, *inter alia*, that the Underwriters act in good faith and deal fairly with Plaintiff

and take no action to interfere with Plaintiff's rights to receive the benefits that it

reasonably expects to receive under the Policy.

27.     The Underwriters have breached the implied covenant of good faith and fair

dealing by

a.  Wrongfully, intentionally, and in bad faith refusing to honor their

obligations to pay the full amount of Plaintiff's business income loss, which is within the

limits of the Policy;

b.  Wrongfully, intentionally, and in bad faith refusing to properly

investigate and effectively denying insurance benefits to which the Insured is entitled;

7

c.   Wrongfully, intentionally, and in bad faith withholding payment of insurance benefits when they have no reasonable basis to do so;

d.   Wrongfully, intentionally, and in bad faith delaying the adjustment of the Plaintiff's business income loss claim;

e.   Wrongfully, intentionally, and in bad faith failing and refusing to comply with applicable provisions of the Texas Insurance Code;

f.   Wrongfully, intentionally, and in bad faith failing and refusing to comply with applicable provisions of the Deceptive Trade Practices Consumer Protection Act (the "DTPA"); and

g.   Wrongfully, intentionally and in bad faith placing their own interests above those of Plaintiff.

28.     As a direct, proximate, and foreseeable result of the aforesaid intentional and wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

29.     In order to recover the Policy benefits sought herein, and as a result of the Underwriters' bad faith, Plaintiff has been and will be forced to incur attorneys' fees, and related expenses and costs.

30.     On September 12, 2019, Plaintiff provided notice to the Underwriters of its claims against the Underwriters, including *inter alia*, its claims for (1) violations under the Texas Insurance Code, (2) breach of the implied covenant of good faith and fair dealing, and (3) violation of the DTPA.

31.     Plaintiff is informed and believes, and on that basis alleges, that the Underwriters engaged in the aforesaid conduct with malice and with conscious

8

indifference to the rights of Plaintiff.  By reason of the foregoing, and pursuant to Texas

Practice and Remedies Code section 41.003, Plaintiff is entitled to exemplary damages

from the Underwriters in a sum to be determined by the trier of fact.

### THIRD CAUSE OF ACTION
### (Violations of the Texas Insurance Code)

32.     Plaintiff incorporates by this reference each and every allegation contained

in Paragraphs 1 through 31, above, as though fully set forth herein.

33.     The Underwriters have violated Texas Insurance Code section

541.060(a)(2) by failing to effectuate a prompt, fair, and equitable settlement of the

Plaintiff's claim.

34.     The Underwriters have violated Texas Insurance Code section

541.060(a)(4) by failing to affirm or deny portions of Plaintiff's claim within a

reasonable time.

35.     The Underwriters have violated Texas Insurance Code section

541.060(a)(2)(7) by refusing to pay portions of Plaintiff's claim without conducting a

reasonable investigation.

36.     The Underwriters have violated Texas Insurance Code section 542.058 by

delaying payment of Plaintiff's claim.

37.     Additionally, in order to recover the Policy benefits sought herein, and as a

result of the Underwriters' violations of the Texas Insurance Code, Plaintiff has been and

will be forced to incur attorneys' fees, and related expenses and costs.

38.     Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code.

39.     Pursuant to Texas Insurance Code section 542A.003, on September 12, 2019, Plaintiff provided notice to the Underwriters of its claims against the Underwriters, including *inter alia*, its claims for (1) violations under the Texas Insurance Code, (2) breach of the implied covenant of good faith and fair dealing, and (3) violation of the DTPA.

40.     As a direct, proximate, and foreseeable result of the Underwriters violations of the Texas Insurance Code, Plaintiff has suffered damages in an amount to be proven at trial.

41.     Additionally, Plaintiff is entitled to statutory interest as damages, prejudgment interest at the maximum legal rate, attorneys' fees, and treble damages.

## FOURTH CLAIM
### (Violations of Texas DTPA)

42.     Plaintiff incorporates by this reference each and every allegation contained in Paragraphs 1 through 41, above, as though fully set forth herein.

43.     The Underwriters' conduct in violating the Texas Insurance Code, as well as the other conduct alleged herein, violate the DTPA.

44.     Additionally, in order to recover the Policy benefits sought herein, and as a result of the Underwriters' violations of the DTPA and Texas Insurance Code, Plaintiff has been and will be forced to incur attorneys' fees, and related expenses and costs.

45.     In committing these violations of Texas law, the Underwriters acted knowingly, as that term is defined in both the Texas Insurance Code and the DTPA, and unconscionably, as that term is defined in the DTPA.

46.     Pursuant to Texas Business and Commerce Code section 17.505, on September 12, 2019, Plaintiff provided notice to the Underwriters of its claims against the Underwriters, including *inter alia*, its claims for (1) violations under the Texas Insurance Code, (2) breach of the implied covenant of good faith and fair dealing, and (3) violation of the DTPA.

47.     As a direct, proximate, and foreseeable result of the Underwriters' violations of the DTPA, Plaintiff has suffered damages in an amount to be proven at trial.

48.     Plaintiff is entitled to actual damages resulting from the Underwriters' violations of law, including compensatory and consequential damages.  Additionally, Plaintiff is entitled to statutory interest as damages, prejudgment interest at the maximum legal rate, attorneys' fees, and treble damages.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.     Under the First Cause of Action, for compensatory damages according to proof;

2.     Under the Second Cause of Action, for compensatory damages, consequential damages, and exemplary damages according to proof;

3.     Under the Third and Fourth Causes of Action, for compensatory damages, consequential damages, statutory interest penalties, treble damages, and reasonable attorneys' fees;

11

4.      For pre-judgment interest in accordance with law;

5.      For attorneys' fees, related expenses, and costs incurred herein; and

6.      For such other and further relief as this Court deems just and proper.


Dated:  December 20, 2019                  Respectfully submitted,

                                           _/s/ Michael Borofsky_____
                                           Texas Bar No. 24101534
                                           Barnes & Thornburg LLP
                                           2121 N. Pearl St., Suite 700
                                           Dallas, TX 75201
                                           Telephone: (214) 258-4200
                                           Facsimile: (214) 258-4199
                                           Email: michael.borofsky@btlaw.com


                                           Attorneys for Plaintiff,
                                           Shamrock Properties V LLC dba The
                                           Sapphire at Nassau Bay